UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Nicholas A. Dahl, | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| V. | § | Civil Action: 4:22-cv-1857 |
| | § | |
| City of Houston, Houston Professional | § | |
| Fire Fighter's Association Local 341 | § | |
| DEFENDANTS | § | *Jury Trial Requested* |

**COMPLAINT**

**1.**     This action for civil rights violations arises under Title VII of the Civil Rights Act of 1964. Jurisdiction is conferred by Title 42 of the United States Code, section 2000e-5 and Title 28 U.S.C. Section 1331.

**2.**     This action for civil rights violations arises under Title 42 of the United States Code Section 1983. Jurisdiction is conferred by Title 42 U.S.C. Section 1983 and Title 28 U.S.C. Sections 1331 and 1343.

**3.**     This action for discrimination under the Equal Protection Class of One Theory arises under Title 42 of the United States Code Section 1983 and the Equal Protection Clause of the 14th Amendment of the United States Constitution. More specifically, Plaintiff cites authority for this action from *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L.Ed.2d 1060 (2000). Jurisdiction is conferred by Title 42 U.S.C. Section 1983, Title 28 U.S.C. Sections 1331 and 1343, and the 14th Amendment of the United States Constitution.

**4.**     This action arises under the state of Texas claim for Breach of Fiduciary Duty. Jurisdiction is conferred by Title 28 U.S.C. Section 1367.

**5.**      Venue is proper in this district under 28 section 1391 because a substantial part of the events or omissions giving rise to all claims occurred in this district.

## Parties

**6.** The plaintiff is Nicholas A. Dahl, who is a resident of the State of Texas, currently, and was a resident of Texas at the time of the occurrence giving rise to this action.

**7.** Defendant City of Houston is a municipality, whose leadership is located at City Hall. The address is 900 Bagby St, Houston, TX 77002.

**8.** Defendant City of Houston is a municipality, whose leadership is located at City Hall. The address is 900 Bagby St, Houston, TX 77002.

**9.** Houston Professional Fire Fighter's Association Local 341 is a domestic entity, located at 1907 Freeman St, Houston, TX 77009.

## Facts

**10.** The City of Houston employs more than 21,000 employees.

**11.** Plaintiff has been a firefighter with 18 years of experience. Plaintiff has been employed with the Houston Fire Department for the same amount of years.

**12.** Plaintiff is a white male and is married to an African American female, a member of a historically protected class.

**13.** Plaintiff was targeted, unjustly, for punishment and malevolent treatment by Defendants.

**14.** Plaintiff was going to be suspended for 90 days as a result of violations of Houston Fire Department policy, but this punishment was modified to 6 months of Plaintiff receiving only half compensation for his work.

**15.** The issue is that these violations are not true. Furthermore, a number of employees behind these employment allegations made against Plaintiff have ulterior motives compelling their false allegations against Plaintiff.

**16.** Plaintiff had been employed with the Houston Fire Department for about 18 years. During the duration of these 18 years of employment, Plaintiff was never accused of unsafe driving or not following safety protocol. These safety violation allegations against Plaintiff were never asserted until Plaintiff was accused of making racially derogatory statements about black woman.

**17.** Plaintiff did make reference to black women, but he made reference to black women because he was married to one, at the time of the subject conversation giving rise to the violations that lead to his discipline.

**18.** As for the Local 341 defendant, it has not only failed to represent Plaintiff's best interest, it has conspired with other parties affiliated with the City of Houston to punish Plaintiff for unwarranted reasons.

**19.** Plaintiff asked Local 341 defendant to investigate the allegations and speak to certain people and review certain circumstances and documentation. However, Local 341 refused to do any of those things or consider exculpatory evidence that would tend to vindicate Plaintiff. But Local 341 refused to represent Plaintiff's best interests. Local 341 worked against plaintiff's best interests, intentionally.

**20.** Plaintiff is still employed with the Houston Fire Department but fears his employment is at risk. Furthermore, Plaintiff has been injured financially as a result of being unjustly punished in a manner that has taken away half of his compensation for six months.

### Count I. Violation of Title VII of the Civil Rights Act of 1964

**21.** Plaintiff was treated differently from similarly situated employees. This case presents some unconventional circumstances due to Plaintiff needing relief under the law due to having an African American wife and being a white male. As a white male, it was presumed that his

words were unsavory and unpleasant towards black women when in fact, Plaintiff was married to a black woman. As a result, of the discrimination, Plaintiff was not afforded the right to talk about his wife and marriage freely, and when he ultimately did, his statements were misconstrued, taken out of context, resulting in Plaintiff being punished. Once the fact of his marriage became known, this fueled further resentment and animosity towards Plaintiff. The defendant actors disapproved of Plaintiff's interracial marriage. And Plaintiff suffered harm as a result. Plaintiff seeks compensation for the following injuries:

    a. past and future lost wages

    b. past and future mental anguish

    c. harm to professional reputation past and future

    d. lost opportunity past and future

## Count II Section 1983 violation

**22.** The City of Houston is a municipality. Plaintiff was treated differently from similarly situated employees. This case presents some unconventional circumstances due to Plaintiff needing relief under the law due to having an African American wife and being a white male. As a white male, it was presumed that his words were unsavory and unpleasant towards black women when in fact, Plaintiff was married to a black woman. As a result, of the discrimination, Plaintiff was not afforded the right to talk about his wife and marriage freely, and when he ultimately did, his statements were misconstrued, taken out of context, resulting in Plaintiff being punished. Once the fact of his marriage became known, this fueled further resentment and animosity towards Plaintiff. The defendant actors disapproved of Plaintiff's interracial marriage. And Plaintiff suffered harm as a result. Plaintiff seeks compensation for the following injuries:

    a. past and future lost wages

      b.    past and future mental anguish

      c.    harm to professional reputation past and future

      d.    lost opportunity past and future

### Count III. Equal Protection Class of One Theory violation

23.     The City of Houston is a municipality. Plaintiff was treated differently from similarly situated employees. This case presents some unconventional circumstances due to Plaintiff needing relief under the law due to having an African American wife and being a white male. As a white male, it was presumed that his words were unsavory and unpleasant towards black women when in fact, Plaintiff was married to a black woman. As a result, of the discrimination, Plaintiff was not afforded the right to talk about his wife and marriage freely, and when he ultimately did, his statements were misconstrued, taken out of context, resulting in Plaintiff being punished. Once the fact of his marriage became known, this fueled further resentment and animosity towards Plaintiff. The defendant actors disapproved of Plaintiff's interracial marriage. And Plaintiff suffered harm as a result. Plaintiff seeks compensation for the following injuries:

      a.    past and future lost wages

      b.    past and future mental anguish

      c.    harm to professional reputation past and future

      d.    lost opportunity past and future

### Count IV. Breach of Fiduciary Duty

24.     Plaintiff was enrolled in Defendant Local 341. Defendant failed to represent Plaintiff's interests as a union member. Defendant intentionally acted against Plaintiff's interests. Plaintiff seeks compensation for the following injuries:

      a.    past and future lost wages

      b.    past and future mental anguish

      c.    harm to professional reputation past and future

      d.    lost opportunity past and future

## Jury Demand

**25.**    Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## PRAYER

**26.**    Plaintiff respectfully prays that the Court award judgment in favor of Plaintiff for violation of Plaintiff's rights and that the Court award the following:

    a. actual and consequential damages, plus interest

    b. attorney's fees and costs of court

    c. all other relief that justice may require

Respectfully submitted,

The Bozeman Law Firm

/s/ Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
Federal Bar No. 1533462
5499 Braesvalley Dr., No. 462
Houston, Texas 77096
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFF